UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. RACHELLE TORRES,<br><br>        Defendant. | Case No. 1:21-cv-01052-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND ORDER TO SHOW CAUSE**<br><br>(Doc. 6)<br><br>**30-DAY DEADLINE** |

    Plaintiff has filed a motion seeking the appointment of counsel. (Doc. 6.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

    The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

    The Plaintiff's motion does not indicate exceptional circumstances that warrant appointment of counsel. Even assuming that Plaintiff is not well-versed in the law and that he has

made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff can articulate his claims adequately. *Id.* Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel.

This Court has twice ordered Plaintiff to apply to proceed *in forma pauperis* or pay the $402 filing fee. (Docs. 3, 5.) The Court orders Plaintiff to show cause, **within 30 days**, why this case should not be dismissed for failure to comply with these prior orders. Alternatively, Plaintiff may apply to proceed *in forma pauperis* or pay the $402 filing fee **within 30 days**.

**The failure to comply with this order will result in a recommendation of dismissal of this case.**

IT IS SO ORDERED.

Dated:   **November 2, 2021**           _ /s/ Jennifer L. Thurston
                                        CHIEF UNITED STATES MAGISTRATE JUDGE