UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. RACHELLE TORRES,<br><br>    Defendant. | Case No. 1:21-cv-01052-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO SUBMIT IFP OR PAY FILING FEE AND FAILURE TO OBEY COURT ORDERS**<br><br>14-DAY DEADLINE |

On July 12, 2021, the Court entered an order requiring Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or pay the filing fee within forty-five days. (Doc. 3.) On July 27, 2021, Plaintiff requested a sixty-day extension of time to file an IFP application or pay the filing fee. (Doc. 4.) The Court granted the request and ordered Plaintiff to pay the filing fee or apply to proceed IFP within ninety days. (Doc. 5.) The Court cautioned: "**Failure to comply with this order will result in dismissal of this action for [failure to] obey a court order and failure to prosecute.**" (*Id.* at 2 (alteration in the original)). The order was served on August 3, 2021; therefore, Plaintiff's response was due on November 1, 2021.

On November 1, 2021, instead of paying the fee or submit an IFP application, Plaintiff filed a notice of change of address and request for appointment of counsel. (Doc. 6.) Consequently, on November 2, 2021, the Court issued an order to show cause as follows:

///

>This Court has twice ordered Plaintiff to apply to proceed *in forma pauperis* or pay the $402 filing fee. (Docs. 3, 5.) The Court orders Plaintiff to show cause, **within 30 days**, why this case should not be dismissed for failure to comply with these prior orders. Alternatively, Plaintiff may apply to proceed *in forma pauperis* or pay the $402 filing fee **within 30 days**.
>**The failure to comply with this order will result in a recommendation of dismissal of this case.**

(Doc. 7 (alteration in the original).) This order was served on Plaintiff on November 3, 2021; therefore, his response to the show cause order was due on December 3, 2021. Plaintiff has failed to comply with the order, and the time to do so has passed.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore. Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 9, 2021**                    **/s/ Jennifer L. Thurston**
                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

3