UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. RACHELLE TORRES,<br><br>        Defendant. | Case No. 1:21-cv-01052-JLT (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS (Doc. 9); ORDER DISMISSING THE ACTION FOR FAILURE TO SUBMIT IFP OR PAY FILING FEE AND FAILURE TO OBEY COURT ORDERS** |

On July 12, 2021, the Court entered an order requiring Plaintiff to apply to proceed *in forma pauperis* or pay the filing fee within forty-five days. (Doc. 3.) On July 27, 2021, Plaintiff requested a sixty-day extension of time to comply. (Doc. 4.) The Court granted the request and ordered Plaintiff to comply within ninety days. (Doc. 5.) The Court cautioned: "**Failure to comply with this order will result in dismissal of this action for [failure to] obey a court order and failure to prosecute.**" (*Id.* at 2 (alteration in the original)). Plaintiff's response was due on November 1, 2021.

Instead of paying the fee or applying to proceed IFP, Plaintiff filed a notice of change of address and request for appointment of counsel. (Doc. 6.) Consequently, on November 2, 2021, the Court ordered Plaintiff to show cause. The order noted,

> This Court has twice ordered Plaintiff to apply to proceed *in forma pauperis* or pay the $402 filing fee. (Docs. 3, 5.) The Court orders Plaintiff to show cause, **within 30 days**, why this case should not be dismissed for failure to comply with these prior orders. Alternatively, Plaintiff may apply to proceed *in forma pauperis* or pay the $402 filing fee **within 30 days**.

**The failure to comply with this order will result in a recommendation of dismissal of this case.**

(Doc. 7 (alteration in the original).) Plaintiff's response was due on December 3, 2021. Plaintiff has failed to comply with the order, and the time to do so has passed.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore. Accordingly, the findings and recommendation (Doc. 9) are WITHDRAWN[1]. The Court ORDERS this action DISMISSED for failure to obey court orders.

IT IS SO ORDERED.

Dated:   **January 9, 2022**

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendation are withdrawn due to the elevation of the undersigned to Article III status and the reassignment to the undersigned in that new role.

2